UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YALANDA CLAY, | ) |
|     Plaintiff, | ) Case No: 1:17-cv-02777 |
| vs. | ) Judge John Robert Blakey |
| VILLA CAPITAL PROPERTIES, LLC, STEVEN E. ANDERSON and THE LAW OFFICE OF STEVEN E. ANDERSON, P.C., | ) |
|     Defendants. | ) |

**MOTION FOR SANCTIONS PURSUANT TO ILLINOIS SUPREME COURT RULE 137**

Defendant, Villa Capital Properties, LLC ("VCP"), by and through its attorney, Steven Anderson, for its Motion for Sanctions pursuant to Illinois Supreme Court Rule 137 ("Motion") states:

**BACKGROUND**

1. On January 25, 2017, VCP filed an action (Cook County Case #17-M1-701402 [the "Eviction Case"]) for forcible detainer against Plaintiff seeking possession of 10527 S. Michigan Ave - Unit 2B; Chicago, IL 60628 ("Premises").

2. On or about February 3, 2017, VCP received a letter via regular first class mail from one of Plaintiff's attorneys regarding the handling of her security deposit. See VCP's Answer, Affirmative Defenses and Counterclaim. [11] – a true and correct copy of the same is attached hereto and incorporated herein as **Exhibit A**.

3. On or about February 9, 2017, VCP's undersigned counsel and Plaintiff's attorney, Jeanne Moulthorp (who was subsequently replaced by Attorney Ring), had a settlement conference during which VCP offered to dismiss the Eviction Case if Plaintiff would agree to move by a date certain.

4. Plaintiff did not accept VCP's settlement offer and on February 22, 2017, in support of her Combined Motion to Quash Service of Process by Posting Notice and to Dismiss, Plaintiff, through her current counsel and his firm, filed a negotiation report for a Bank of America Money Order issued on December 23, 2016 for $830 made payable to VCP which indicated (via its sequence and capture number) that it was presented to Bank of America for redemption on January 26, 2017 ("Bank Redemption Report") – a day after the Eviction Case was filed. A true and correct copy of Plaintiff's Bank Redemption Report is attached hereto and incorporated herein as **Exhibit B**.

5. On February 27, 2017, Plaintiff filed the instant case (the "Tenant's Complaint") alleging breach of contract, violations of the RLTO and the Fair Debt Collection Practices Act ("FDCPA") regarding her tenancy at the Premises and the Eviction Case against VCP and others.

6. The Tenant's Complaint was signed by Berton N. Ring, Esq. of Berton N. Ring, P.C. on behalf of Plaintiff. *See* Eviction Complaint; Docket #1-1 – a true and correct copy of the same is attached hereto and incorporated herein as **Exhibit C**.

7. On March 1, 2017, the Eviction Case was dismissed without prejudice as a result of VCP's inadvertent acceptance of a rental payment from Plaintiff for the Premises after it filed the Eviction Case. See Ex. A - at Ex. H.

8. On March 4, 2017, Plaintiff terminated her tenancy at Premises. *See* Ex. A. at Ex. D.

9. On March 6, 2017, Plaintiff's security deposit plus interest was delivered to her. *See* Ex. A at Ex. B.

10. VCP was served with a copy of the Tenant's Complaint on or about March 16, 2017.

11. On March 29, 2017, VCP's counsel emailed Plaintiff's counsel, pursuant to Illinois Supreme Court Rule 137 and FRCP 11, and requested that Plaintiff voluntarily dismiss or

withdraw the two FDCPA counts of the Tenant's Complaint because VCP believed them to be baseless ("First Rule 11 Communication"). [1]

12. Plaintiff never responded substantively to VCP's First Rule 11 Communication.

13. On April 12, 2017, the Tenant's Complaint (after being consolidated with another small claims state court case) was removed to this Court.

14. On April 18, 2017, VCP filed its Answer and Affirmative Defenses to the Tenant's Complaint.

15. On April 24, 2017, Plaintiff filed a Motion for Remand acknowledging therein that the federal courts of this district did not recognize her FDCPA claims as pled in the Tenant's Complaint as actionable and requested dismissal of the same so that, presumably, Plaintiff could return to state court and attempt to revive those claims in that forum. See Defendant's Motion to Remand [20 – generally].

16. On April 27, 2017, VCP's undersigned counsel sent to Plaintiff's counsel a letter ("Second Rule 11 Communication") and draft copy of the instant Motion demanding that Plaintiff dismiss Counts III – VII of the Tenant's Complaint with prejudice as neither Plaintiff, nor her counsel, had any legitimate basis in proceeding with the litigation of those claims. A copy of VCP's Second Rule 11 Communication and all enclosures therewith are attached hereto and incorporated herein as **Exhibit D**.

17. VCP's Second Rule 11 Communication demanded the Plaintiff dismiss Counts III - VII of the Tenant's Complaint by 6:00 p.m. on May 22, 2017 and demanded payment of a portion of VCP's defense costs in the amount of $6,206.78.

18. On May 15, 2017, after the Motion to Remand had been fully briefed, this Court denied Plaintiff's Motion to Remand, ruling that "[i]n both of the state court complaints, Plaintiff alleged a cause of action under federal law, that is, the Fair Debt Collection Practices Act. See Complaint filed in Case No. 2017-M1-106658 [1-1], 28-37; Complaint filed in Case No. 2017-

---

[1] Copy of the email chain from March 29, 2017 is attached to VCP's Second Rule 11 Communication referenced *infra*.

M1-106657[1-1], 55-65. Accordingly, the Court finds that the prerequisites for removal are satisfied." *See* Minute Entry – Docket #29.

19. On May 19, 2017, Plaintiff filed her Answer to VCP's Counterclaim. A true and correct copy of Plaintiff's Answer is attached hereto as **Exhibit E**.

20. On June 6, 2017, Plaintiff requested and was granted leave to file an Amended Complaint and denied Plaintiff's Motion to Disqualify Steven Anderson as VCP's counsel without prejudice.

21. On July 5, 2017, Plaintiff filed her Amended Complaint.

22. The Amended Complaint was signed by Berton N. Ring, Esq. of Berton N. Ring, P.C. on behalf of Plaintiff. *See* Amended Complaint; Docket #39 – a true and correct copy of the Amended Complaint is attached hereto and incorporated herein as **Exhibit F**.

23. In her Amended Complaint (filed more than a month after VCP's Second Rule 11 Communication), while incorporating some of the same RLTO sections as the basis of her claims, Plaintiff essentially withdrew and did not replead the five Counts of the Tenant's Complaint that VCP had previously advised her were meritless.

24. On July 10, 2017, VCP filed a Motion to Extend its time to respond to Plaintiff's Amended Complaint because it had propounded another Rule 11 letter to Plaintiff based on the Amended Complaint.

25. Plaintiff also filed a renewed Motion to Remand this matter to state court and dismissed Defendant John Pagone also filed his Motions for Sanctions against Plaintiff on July 10, 2017.

## APPLICABLE RULES AND PRECEDENT

Illinois Supreme Court Rule 137 is this State's equivalent to Rule 11 and requires that:

> Rule 137. Signing of Pleadings, Motions and Other Documents—Sanctions
> (a) Signature requirement/certification. Every pleading, motion and other document of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be

stated. . . . Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . . If a pleading, motion, or other document is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee.

The Illinois Appellate has held that "both client and counsel have a "duty to make a reasonable inquiry into the facts to support a legal claim before pleadings are filed, not after they are filed." (Emphasis added.) (*Beno v. McNew* (1991), 213 Ill. App.3d 720, 727, 157 Ill.Dec. 226, 572 N.E.2d 295.) When such a reasonable inquiry is not made, sanctions are clearly warranted. See *Beno*, 213 Ill.App.3d at 727-28, 157 Ill.Dec. 226, 572 N.E.2d 295 (sanctions should have been awarded pursuant to section 2-611 of the Code (Ill.Rev. Stat.1987, ch. 110, par. 2-611), now superseded by Supreme Court Rule 137 (134 Ill.2d R. 137))." *Gilkey v. Scholl*, 595 NE 2d 183, 186-187 (2nd Dist. 1992)

As indicated *in Lewy v. Koeckritz Intern., Inc*., 570 NE 2d 361, 364-5 (1st Dist. 1991), the Illinois Appellate Court also looks to this Court's interpretation of Rule 11 for guidance when issuing sanctions pursuant to Rule 137. The Court specifically noticed that:

> Rule 137 is intended to prevent counsel from making assertions of fact or law without support, whether the assertions be written or oral. The test is what was reasonable under the circumstances. In evaluating the conduct of an attorney or party who signs a document or makes a motion, a court must determine what was reasonable to believe at that time rather than engage in hindsight. Since Rule 137 is penal in nature, a court must strictly construe its provisions. Further, Rule 137 and its predecessor provision are almost identical to Rule 11 of the Federal Rules of Civil

Procedure. Thus, Illinois courts may seek guidance in the Federal courts' interpretation of Rule 11. (internal citations omitted)

Fed. R. Civ. P. 11 states in pertinent part:

(b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) **Sanctions.**

(1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) *Motion for Sanctions.* A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Per *Burda v. M. Ecker Co.*, 2 F. 3d 769, 774-5 (7th Cir. 2000) (internal citations omitted):

Parties and/or their attorneys violate Rule 11 when they bring legal action for any improper purpose, such as to harass or needlessly increase the cost of litigation. Rule 11 does not require that the district court make a finding that the transgressor acted in bad faith. . . . Rather, the district court need only "undertake an objective inquiry into whether the party or his counsel `should have known that his position is groundless.'"

Per 28 U.S.C. § 1927:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Seventh Circuit has indicated that Rule 11 sanctions shall be sought "as soon as practicable after discovery of a Rule 11 violation,' but ... requests for attorney fees must be filed within ninety days of judgment [or presumably such shorter time as the district's local rule allows]." *Burda v. M. Ecker Co.*, 2 F.3d 769, 774 (7th Cir.1993) (citing *Kaplan v. Zenner*, 956 F.2d 149, 151 (7th Cir. 1992).

## ARGUMENT

26. Plaintiff's Tenant's Complaint, prepared and signed by Berton N. Ring of Berton N. Ring, P.C., on its face was filed in violation of Rules 137 and 11 because there exists no basis in law or justification in fact for Plaintiff seeking damages for RLTO violations which prescribe no statutory remedy, for unripe breaches of a contract that Plaintiff later avers does not exist and for alleged retaliatory conduct by VCP based on documents which were created on the day the Eviction Case was filed.

27. By her own admissions, Plaintiff has conceded that:

- the letter written by her former counsel regarding her security deposit was only sent via first class US Mail on January 25, 2017[2] (the Eviction case was filed the same

---

[2] See Affidavit provided by Plaintiff's former counsel and filed in the Eviction Case proceeding attached to VCP's Answer - Ex. A at Ex. G.

day at approximately 10:28 a.m. pursuant to 5-day [3] non-payment of rent notice she received on January 16, 2017),

- she terminated her tenancy at the Premises on March 4, 2017,[4]
- VCP returned her security deposit plus interest after she vacated the Premises,[5]
- as of January 24, 2017, VCP accounting system still had no records of payment for her for the months of December 2016 and January 2017,[6] and
- her bank did not receive her December 23, 2016 money order for rent to VCP until on or about January 26.[7]

28. Thus via her own admissions, Plaintiff's Tenant's Complaint was not adequately researched, based on recognized law, argued for an extension of existing law nor founded in a sound factual basis for her to proceed on many of her claims against VCP.

29. As early as March 29, 2017, Plaintiff and her counsel were put on notice that her FDCPA claims were meritless – yet Plaintiff has persisted in pursuing this matter which in turn forced VCP to expend thousands of dollars unnecessarily to defend itself in both this and state court.

30. In March 2017, VCP indicated in its First Rule 11 Communication that it would seek Rule 11 sanctions unless those counts were dismissed with prejudice from this case and Ms. Clay paid VCP's reasonable attorneys' fees and related defense costs to date.

31. VCP respectfully posits that its First Rule 11 Communication was in accord the substantial compliance requirements for notice sufficient to satisfy the requirements of Rule 11

---

[3] See Amended Complaint – Ex. D at ¶17 and 33-36.

[4] See Plaintiff's Answer to Counterclaim at ¶21.

[5] Attorney Clarke verified that Plaintiff was in receipt of VCP's a check returning her security deposit in open Court on June 6, 2017.

[6] See Ex. E - Amended Complaint at ¶27-29.

[7] See Ex. B.

as detailed in *Northern Illinois Telecom, INC. v. PNC Bank, NA*, 850 F. 3d 880, 886-889 (7th Cir. 2011).

32. Thereafter, on April 27, 2017, via VCP's Second Rule 11 Communication Plaintiff, Attorney Ring and Berton N. Ring, P.C. were again put on notice that not only were Plaintiff's FDCPA claims meritless but that there existed no legal nor factual basis to proceed with their claims of breach of contract, statutory damages for failure to provide a bed bug disclosure and/or retaliatory eviction against VCP.

33. Specifically, VCP's Second Rule 11 Communication supported its demand of dismissal of each of the five Counts, stating:

> Count III – Failure to Provide a Bed Bug Notice – There is no private cause of action for this alleged RLTO violation.
>
> Count IV – Breach of Contract for Failure to Return Security Deposit – On the date this action was filed, Plaintiff was still residing in the unit and thus was not entitled to the return of her deposit. Thereafter, before the Defendants were even served or aware of the Complaint, Plaintiff's security deposit plus interest had been returned. Accordingly, this claim was not ripe, is fatally flawed and is meritless.
>
> Count V – Retaliation – The letter[8] sent to VCP by Plaintiff's previous counsel, Attorney Moulthorp, wasn't received until more than a week after the eviction case was filed. Attorney Moulthorp's Affidavit[9] indicates the letter was sent to VCP regular mail the same day the eviction case was filed. Thus VCP could not have filed the eviction action as a response to a letter it had not received.
>
> Count VI – Violation of 15 U.S.C. § 1692f – The Eviction Complaint[10] was filed at approximately 10:28 a.m. on 1/25/17 based on a 5-day notice that was served on 1/17/17 demanding $1,660; the ledger and 5-day were attached to the Complaint. Ms. Clay's payment of $830 (dated 12/23) appears to have been received and cashed later that same day. Thus rent was owed when the Eviction Complaint was filed.

---

[8] A copy of the Letter is attached to VCP's Answer – Ex. A at Ex. F.

[9] A copy of the Affidavit is attached to VCP's Answer – Ex. A at Ex. G.

[10] A copy of the Eviction Complaint is attached to VCP's Answer – Ex. A at Ex. H.

> Count VII – Violation of 15 U.S.C. § 1692e – In addition to the facts negating Plaintiff's contention that she did not owe rent when the eviction case was filed related to Count VI, VCP never threatened Plaintiff (either directly or through her counsel) with eviction – the case had been filed weeks before. An amicable conversation between VCP and Plaintiff's counsel was had on February 9, 2017. During that call, no threats were made to Attorney Moulthorp and VCP offered to dismiss the eviction suit in its entirety if Ms. Clay would agree to voluntarily vacate her unit by a date certain. Attorney Moulthorp indicated that she thought that was a fair offer. Accordingly, Count VII was likewise factually baseless.

34. VCP's Second Rule 11 Communication and the accompanying draft Motion were in both substantial and literal compliance with Rule 11(c)(1) and (2) requirements that the movant provide the non-movant with more than 21-day notice to desist from pursuing the frivolous claims before filing a motion for sanctions. *See Nisenbaum v. Milwaukee County*, 333 F. 3d 804, 808 (7th Cir. 2003)

35. Thereafter, on June 6, 2017, after having her Motion to Remand denied and facing a Motion to Dismiss filed by another Defendant, Plaintiff requested and was granted leave to file an Amended Complaint after VCP had already expended substantial attorney's fees answering and generally dealing with the Tenant's Complaint.

36. In her Amended Complaint, filed July 5, 2017, Plaintiff essentially abandoned and withdrew all five of the Counts previously objected to by VCP in its Second Rule 11 Communication. *See* Ex. E.

37. The Amended Complaint was filed well after the expiration of the 21-day safe harbor period of Rule 11.

38. While Plaintiff's Amended Complaint relied on some of the same sections of the RLTO as the basis for VCP's alleged liability to Plaintiff, the underlying facts supporting the majority of the seven counts in the Tenant's Complaint were changed.

39. Specifically, in addition to dropping her FDCPA claims entirely (which she admitted in her Motion to Remand were not recognized as good law by the Federal Courts of this Circuit), Plaintiff repled her:

- breach of contract claim as one based on the implied warranty of habitability instead of an actual alleged contract,[11]

- removed allegations regarding "threats" made by VCP's counsel to Plaintiff's former counsel, and

- changed the basis of her retaliation claim from Plaintiff having received a letter from Plaintiff's former counsel to the claim now being based of a theory of retaliation against Plaintiff for her alleged requests to VCP for repairs to the Premises.

40. So essentially, Plaintiff agreed with the substance of the Second Rule 11 Communication but failed to take any action to rectify her faulty pleading until forced to do so at the risk of being required to defend and move forward with the Tenant's Complaint.

41. Had Plaintiff heeded the content of VCP's First Rule 11 Communication all parties to this case could have been spared the considerable time and expense of dealing with Plaintiff's haphazard Tenant's Complaint, including the removal of this case to this Court.

42. However, rather than withdrawing the meritless claims in the Tenant's Complaint, Ms. Clay and counsel persisted, necessitating the presentment of this Motion despite expressly acknowledging that Counts VI and VII were fatally flawed in her Motion to Remand and asking the Court the Court to dismiss them so that Plaintiff could proceed with her case in state court.

43. This conduct by both the Plaintiff and her attorneys is sanctionable and should not be condoned. *E.g. Jimenez v. Madison Area Technical College*, 321 F.3d 652, 656 (7th Cir. 2003) (citing *In re Alberto*, 119 B.R. 985, 993 (Bankr. N.D. Ill. 1990) ("[w]hen an attorney and client share responsibility for litigation strategy and such strategy violates Rule 11, courts can impose joint and several liability...").

44. Specifically, VCP respectfully posits, on information and belief, that Plaintiff advanced Counts III through VII to for the improper purpose of harassment and to bring pressure on VCP to settle this suit regarding Counts I and II which it has admitted liability for.

---

[11] Which Plaintiff previously denied the existence of in her response to VCP's Counterclaim.

45. Additionally, Plaintiff and her counsel specifically multiplied and prolonged the length and expense of these proceeding by filing Plaintiff's Motion to Remand which unreasonably attacked both the state courts decision to consolidate the two cases that now make up the current suit and admitted that this Court does not recognize Plaintiff's FDCPA claims against VCP.

46. VCP had to expend time and resources answering the Tenant's Complaint which contained five essentially frivolous counts.

47. Likewise, Plaintiff's counsel and his firm are experienced litigators in the area of RLTO and consumer litigation, being listed as counsel for more than 30 cases in this Court, 37 in the Bankruptcy Court of this District and countless state court matters. Copies of the Pacer query report for Attorney Ring for the Northern District of Illinois, its Bankruptcy Court and the Circuit Court of Cook County[12] are attached hereto as **Exhibit G**. See also *Richardson v. Haddon*, 873 NE 2d 570, 571 & 574-5 (1st. Dist. 2007) (noting Attorney Ring and Berton N. Ring, P.C.'s tenants' rights practice since 2001).

48. Attorney Ring has been admitted to practice before this Court since 1983 and has been licensed to practice law in Illinois since 1982, except of a temporary 60 day suspension issued by the Illinois Supreme Court.

49. As such Attorney Ring or an attorney at Berton N. Ring, P.C. should have recognized that :

- the RLTO does dictate a remedy for tenants for failure of a landlord to provide a bed bug prevention brochure,
- that one of the basic doctrines of litigation and contract law is the concept of ripeness,

---

[12] Please note that the Circuit Clerk of Cook County's Website does not have a function (at least not one known to VCP's counsel) to search for cases by attorney of record; the cases reflected in this Circuit Clerk of Cook County's Website search indicates case in which Berton N. Ring, P.C. was listed as Plaintiff.

- that letters sent only via USPS first class mail across Chicago are not delivered the same day, and
- that Plaintiff's money order (filed in the Eviction Case 5 days before the Tenant's Complaint) was not presented to Bank of America for payment, per her filed Bank Redemption Report, until January 26, 2017.

50. Plaintiff, Attorney Ring and his firm's failure to fulfill their duty to investigate the alleged facts contained in the Tenant's Complaint prior to it filing is a violation of Rule 137 and warrants sanctions per the Illinois Appellate Courts holding in *Gilkey*.

51. In the alternative, Plaintiff, Attorney Ring and his firm simply chose to ignore the facts at their disposal and filed the Tenant's Complaint with numerous unfounded claims against VCP for the improper purposes of harassment and to force potential settlement given the sheer number of Counts contained in the Tenant's Complaint.

52. Therefore, pursuant to Rule 137, as supported by Rule 11, VCP requests that this Court impose sanctions against Yalanda Clay, Berton Ring and Berton N. Ring, P.C., jointly and severally, in the amount of $10,411 which represents VCP's reasonable fees and expenses incurred in defending these Plaintiff's frivolous and meritless claims

53. The amount requested does not include the preparation and filing of John Pagone's Rule 11 letter, draft Motion, Motion for Dismissal or Motions for Sanctions nor VCP's Third Rule 11 letter.

54. Also, VCP's requested sanctions amount only includes half of the attorney's fees expended for the preparation and filing of VCP's Answer, Affirmative Defenses and Counterclaim.

WHEREFORE, Defendant Villa Capital Properties, LLC, by and through its attorney, and pursuant to Illinois Supreme Court Rule 137, respectfully requests that this Honorable Court

enter an Order awarding sanctions against Yalanda Clay, Berton Ring, Berton N. Ring, P.C., jointly and severally, directing them to pay $10,411 to VCP for its reasonable attorney's fees and expenses (and any after incurred expenses) in defending Counts III – VII of the Complaint and briefing this Motion, and enter an Order awarding VCP such additional relief as this Court deems just or to which VCP is otherwise entitled to as a matter of law.

                                                                 Respectfully submitted,
                                                                 **VILLA CAPITAL PROPERTIES, LLC**

                        By: _____
                               Steven E. Anderson (Atty No. 6292286)
                               THE LAW OFFICE OF STEVEN E. ANDERSON, P.C.
                               2949 N. Troy St.
                               Chicago, IL  60618-7614
                               312-450-3513 (office)
                               312-674-7469 (fax)
                               sea@seandersonlaw.com

## CERTIFICATE OF SERVICE

I certify that on this 11th day of July 2017, I filed a copy of the foregoing document with the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                      /s/ Steven E. Anderson